**No. 45512.**—Protests 961296–G, etc., of Tassini & Salisch-Parver, Inc. (New York).

CLINE, Judge: In these suits against the United States, the plaintiff seeks to recover a part of the duty assessed by the collector at 3 cents per pound under paragraph 772, Tariff Act of 1930, on certain tomatoes in their natural state, imported from Cuba. The plaintiff claims that the commodity is duitable at $0.018 per pound under the trade agreement with Cuba, published in T. D. 47232, or at 3 cents per pound with a reduction of 20 percent of the duty by virtue of the same trade agreement.

The protests, which were consolidated for trial, are now before the court on rehearing. A previous decision was rendered in 2 Cust. Ct. 483, C. D. 182, wherein the claim for a reduction of 20 percent from the rate of 3 cents per pound under paragraph 772 was sustained as to the tomatoes in all of the entries.

Although plaintiff's motion for rehearing enumerated the cases as "961296–G–16635, etc.," which was considered as covering all three protests, in the memorandum in support of the motion for rehearing the plaintiff limited his claim that the tomatoes were dutiable at $0.018 per pound to the goods in entry 778348, covered by protest 961296–G. The provision in the trade agreement relied upon by the plaintiff reads as follows:

772. Tomatoes in their natural state, when imported and entered for consumption during the period from December 1 to the last day of the following February, inclusive, in any years_____0.018 per lb.

An inspection of the entry shows that the ship containing the merchandise arrived on December 1, 1936, and that the estimated duties were paid on December 1 of the same year. The entry, however, is dated November 30, 1936. The only question involved is whether or not the merchandise was entered on December 1, 1936. If it was, the rate of $0.018 per pound is applicable to the tomatoes in the shipment.

The case of *F. J. Benkart & Co., Inc.* v. *United States*, 2 Cust. Ct. 466, C. D. 177, involved the Canadian Trade Agreement which provided that certified seed potatoes from Canada when entered for consumption from December 1 to the last day of the following February, inclusive, should be dutiable at 60 cents per 100 pounds, and when entered from March 1 to November 30, inclusive, should be dutiable at 45 cents per 100 pounds. The potatoes covered by the importation arrived on November 30, 1936, or prior thereto, and the importer made entry thereof at the customhouse at the port of New York on November 30 at 1 o'clock in the afternoon. The entry papers were numbered and passed along to the person who approves such papers but they were not released by him until too late for the importer to pay the duties before 4:30 in the afternoon, the official closing hour of the customhouse. The court held that since the duties were not paid on November 30 the entry was not completed on that date and therefore the goods were not entered on November 30. The court said:

The entry not having been completed by the payment of duties and issuance of a delivery permit, these goods were not "entered for consumption" on November 30, 1936, and therefore were not entitled to the rate of 45 cents per 100 pounds, claimed by the plaintiff.

That decision accords with well-settled principles long adhered to by the courts. *United States* v. *Cordero*, 1 Ct. Cust. Appls. 107, T. D. 31114; *Vandergrift & Co.* v. *United States*, 9 Ct. Cust. Appls. 112, T. D. 37978; *United States* v. *Cronkhite Co.*, 9 Ct. Cust. Appls. 129, T. D. 37980; *Kee Co. et al.* v. *United States*, 13 Ct. Cust. Appls. 105, T. D. 40943; *Spencer Lens Co.* v. *United States*, T. D. 43146, 55 Treas. Dec. 107.

Section 484 (a), Tariff Act of 1930, provides that "entry shall be made at the customhouse within forty-eight hours, exclusive of Sundays and holidays, after the entry of the importing vessel." The section contains certain exceptions not here pertinent. Section 448 (b), quoted below, gives the Secretary of the Treasury authority to make regulations for issuing special permits for delivery prior to formal entry, of perishable articles and other articles, the immediate delivery of which is necessary.

SEC. 448 (b). SPECIAL DELIVERY PERMIT.—The Secretary of the Treasury is authorized to provide by regulations for the issuing of special permits for delivery, prior to formal entry therefor, of perishable articles and other articles, the immediate delivery of which is necessary.

Under the authority of that section, the Secretary of the Treasury promulgated article 349, Customs Regulations of 1931, which regulations were in force at the time of entry in this case. The heading of the article is "LANDING AND DELIVERY OF ARTICLES FOR WHICH IMMEDIATE DELIVERY IS NECESSARY." The regulation gives the collector authority to accept a regular entry prior to the arrival of the importing vessel for animals, automobiles, theatrical effects, periodicals, tropical fruits, and perishable or other articles for which immediate delivery is necessary, and, after deposit of the estimated duties, to execute a release of the articles. It is noted that article 349 provides that the special-delivery permit may be issued only after the proper bond is filed and the estimated duties paid. There is nothing in the regulation which makes an entry valid before the payment of the estimated duties or to vary the requirements of entry as enumerated in section 484 (a) of the tariff act.

In the case now before the court the entry is dated "November 30, 1936," but the estimated duties were not paid until December 1. The conditions are the same as in the *Benkart* case, *supra*, and, in harmony with the decision in that case, we are of opinion that the goods were actually entered on December 1, when the entry was completed by the payment of the estimated duties. In *United States* v. *Cordero, supra,* the court said that "Entry implies the presence of the merchandise at the time." It follows, therefore, that an entry for consumption is not effective until the goods arrive within the boundaries of the port of entry and the estimated duties are paid.

We hold that the tomatoes covered by entry 778348 should be considered as imported and entered for consumption on December 1, 1936, and that they should be assessed with duty at the rates applicable thereto on that date, namely, at $0.018 per pound.

As to all the other entries covered by the protests we adhere to our former decision and hold that the tomatoes are dutiable at 3 cents per pound less a deduction of 20 percent under the trade agreement with Cuba.