No. 61954.—SUIT 4913.—H. F. Keeler v. United States.—

C. D. 1842 affirmed January 22, 1958.   C. A. D. 675.

MAY 14, 1958

No. 61955.—SUIT 4924.—United States v. R. J. Saunders & Co., Inc.—

C. D. 1871 reversed January 22, 1958.   C. A. D. 674.

BEFORE THE FIRST DIVISION, MAY 20, 1958

No. 61956.—Cities Service Oil Co. v. United States, protest 193360–K (New York).

MOLLISON, Judge:   Counsel for the parties in the above-entitled case have submitted the same for decision upon a stipulation of fact.   It appears that the merchandise consists of crude petroleum imported into the United States from Venezuela.   The petroleum arrived and was landed and delivered to the importer on or before December 31, 1951, under special permit for delivery authorized by section 448 (b), Tariff Act of 1930.   Formal entry and payment of estimated duties took place on January 2, 1952.

The merchandise was assessed with tax or duty at the rate of ½ cent per gallon under sections 3420 and 3422 of the Internal Revenue Code of 1939 and the Presidential proclamations relating to the Venezuelan Trade Agreement (T. D. 50015), to the termination of the Mexican Trade Agreement (T. D. 52559), and allocating the tariff rate quota on petroleum for the calendar year 1951 (T. D. 52641), that being the rate applicable to overquota importations of petroleum entered, or withdrawn from warehouse, for consumption during the year 1951.

The protest claim is for tax or duty at the rate of ¼ cent per gallon under the said Internal Revenue Code sections, as modified by the Presidential proclamations reported in T. D.'s 50015, 52559, and 52905, the latter relating to quantities and allocation of the tariff-rate quotas for the calendar year 1952 on petroleum entered, or withdrawn from warehouse, for consumption during the calendar year 1952.

The issue turns on the meaning of the term "entered, or withdrawn from warehouse, for consumption" as used in the cited proclamations.

In the brief filed in its behalf, plaintiff's counsel has cited the cases of Tassini & Salisch-Parver, Inc. v. United States, 6 Cust. Ct. 571, Abstract 45512; John A. Conkey & Co. v. United States, 11 Cust. Ct. 217, Abstract 48554; and F. B. Wilcon v. United States, 13 Cust. Ct. 96, C. D. 876, all to the effect that, in addition to other requirements, merchandise is not entered for consumption until the entry is completed by the payment of estimated duties.

Counsel for the defendant has not replied to the brief filed on behalf of the plaintiff but, in lieu thereof, has filed a notice stating that, upon consideration of the record made and the brief filed by counsel for the plaintiff, it did not desire to file a brief on behalf of the United States.   This we construe to be a tacit concession of the correctness of the authorities cited by the plaintiff in support of its position and their applicability to the facts in the case at bar.

We, therefore, sustain the protest claim for duty at the rate of ¼ cent per gallon under section 3422 of the Internal Revenue Code, as amended, and judgment will issue accordingly.